IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tremaine Epps, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 16-00135-MPK |
| | ) | |
| v. | ) | |
| | ) | |
| Orlando Harper, County of Allegheny, | ) | **JURY TRIAL DEMANDED** |
| Corizon Health, Inc., Michael Barfield, and | ) | |
| Additional Unknown Defendants, including | ) | |
| an unidentified corrections officer and | ) | |
| unidentified health care providers. | ) | |
| | | |
| Defendant(s) | | |

## FIRST AMENDEDCOMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff, Tremaine Epps, by and through the undersigned counsel, and files the following First Amended Complaint and avers as follows:

## INTRODUCTION

1. This case is brought pursuant to section 1983 of the Civil Rights Act 42 U.S.C. 1983 for violations of the Plaintiff's rights under the Eighth Amendment of the United States Constitution. Specifically, Plaintiff alleges that the Defendants' policies and actions relating to Plaintiff's serious medical condition rose to the level of deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. 1331 over the constitutional claims contained in this Complaint as well as the claims arising under 42 U.S.C. 1983.

3. Venue is proper as all events giving rise to this action occurred within the Western District and it is believed that all defendants reside within the district.

**PARTIES**

4. Plaintiff Tremaine Epps is an adult individual who was incarcerated at the Allegheny County Jail during the time of the events described in this Complaint. Plaintiff is now released and resides at 532 Route 68, New Brighton, Pennsylvania 15066.

5. Corizon Health, Inc., is a corporation with a principle place of business located at 103 Powell Court, Brentwood, Tennessee 37027 which operates in various capacities throughout the Commonwealth of Pennsylvania, specifically including Allegheny County Jail.

6. Defendant Allegheny County is a county government organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 436 Grant Street, Pittsburgh Pennsylvania 15219. Allegheny County is in possession and control of the Allegheny County Jail, located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

7. Orlando Harper is the Warden of the the Allegheny County Jail with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Harper is sued in this action in his individual capacity and in his official capacity as a county employee.

8. Michael Barfield is an employee of Corizon and/or Allegheny County with his principal place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Harper is sued in this action in his individual capacity and in his official capacity as a county employee.

9. An Additional Unknown Defendant, Officer Doe, is an employee of Allegheny County. Officer Doe is sued in this action in his individual capacity and in his official capacity as a county employee.

10. The Additional Unknown Defendants, Doctor Doe(s), provided medical care to plaintiff on and after February 3, 2014.

## CASE BACKGROUND

11. In September of 2013, Corizon Health, Inc. was hired by Allegheny County to provide medical care and health operations at the Allegheny County Jail, replacing the non-profit entity, Allegheny County Correctional Health Services.

12. Corizon is a for-profit entity and as such they have an interest in keeping inmate medical costs low in order to bolster their profits.

13. On December15, 2014 the Allegheny County Office of Controller published an examination report detailing Corizon's compliance titled, "Examination Report on Corizon Health Inc.'s Compliance with Contract #154946 with Allegheny County for the Period September 1, 2013 Through February 28, 2014." (Hereinafter, the "Corizon Report")

14. The Corizon Report found that Corizon and Allegheny County Jail were not accredited by the National Commission on Correctional Health Care as Corizon had not complied with reporting requirements.[1]

15. The Corizon Report found that Corizon failed to maintain required staffing levels for essential medical staff [2] and the report found that Corizon has not maintained complete and accurate inmate medical records.[3]

16. The most relevant findings from the Corizon Report are that Corizon has not provided inmates with required clinical care[4], Corizon has not demonstrated that an appropriate

---

[1] County of Allegheny Office of Controller: Examination Report on Corizon Health Inc.'s Compliance with Contract #154946 with Allegheny County for the Period September 1, 2013 Through February 28, 2014. 9-12 (2014)
[2] *Id* at 14-16.
[3] *Id* at 17-20.
[4] *Id* at 24.

3

process was used to prioritize inmate sick calls[5], and Corizon has not responded to inmate medical requests in a timely manner[6].

## FACTS

17. While in the custody and care of Allegheny County Jail, Plaintiff was attacked by his cellmate during which he sustained injuries to his person on the evening of February 3, 2014.

18. Plaintiff was assigned to a cell with an individual whom plaintiff believes and therefore avers suffers from mental illness and has a known propensity toward violence. Plaintiff became aware that his cellmate was becoming aggressive and attempted to receive help by contacting the guards from his cell.

19. Plaintiff was unable to physically remove himself from the presence of his aggressive cellmate as the prison was under lock down for the evening.

20. The guard on duty ignored Plaintiff's request for help.

21. Subsequent to Plaintiff's plea for help, his cellmate attacked him and stomped on his ankle.

22. Following the altercation, the guards separated Plaintiff and his cellmate. Plaintiff received a new cell with a new cellmate.

23. On the morning of February 4, 2014, Plaintiff awoke in severe pain and was unable to walk.

24. Plaintiff was taken to the prison infirmary and an x-ray taken of his left ankle. The infirmary placed Plaintiff in a splint, provided him with crutches and medicine. Plaintiff saw his x-ray and could see he had a fractured bone.

---

[5] *Id* at 34.
[6] *Id* at 34

25. Plaintiff informed the staff at the infirmary that he continued to suffer severe pain and requested permission to stay in the infirmary.

26. Plaintiff's request was denied, and he returned to the general population holding cells.

27. In April 2016, Plaintiff obtained medical records from the Jail that confirm his X-Ray of February 4, 2014 demonstrated a fractured ankle and that he required a referral to an orthopedic surgeon. A true and correct copy of the record in question is attached hereto as Exhibit "1".

28. Plaintiff was not referred to an orthopedic surgeon in spite of this knowledge. Instead he was returned to general population.

29. After being returned to general population holding cells, Plaintiff continued to suffer severe pain and have difficulty climbing steps to his cell. Plaintiff informed several guards that he required additional medical treatment but his requests were ignored.

30. Over several weeks, Plaintiff continued to experience severe physical pain in his ankle and all requests to seek additional medical treatment were denied. On February 19, 2014, Plaintiff's counsel sent a letter to Warden Harper stating the Plaintiff required medical attention and that Plaintiff believed that he had a broken leg.

31. Despite these numerous requests, Allegheny County Prison refused to provide Plaintiff with medical treatment until February 26, 2014. Thus for a period lasting twenty-two days, Plaintiff was tortured through the insidious manner of refusing to provide necessary medical care that the Jail and its staff knew Plaintiff required.

32. On this date, Plaintiff treated at UPMC Mercy under the care of Lisa Blackrick, M.D. and Emily Sturgill, M.D.

33. After routinely being denied care and medical treatment, Plaintiff found the Allegheny County grievance system to be futile.

34. Plaintiff is no longer incarcerated and is not subject to the exhaustion requirements of the PLRA.

35. On February 26, 2014, Dr. Blackrick performed surgery on Plaintiff for a left distal fibula fracture. Plaintiff's ankle required to be broken a second time as the bone began to heal incorrectly.

36. Plaintiff believes and therefore avers that his ankle required to broken a second time as a result of Allegheny County Prison and/or Corizon's refusal to provide adequate medical care.

37. Plaintiff believes and therefore avers that the health of his left ankle is significantly and permanently impaired as the result of the delay in receiving proper and adequate medical care as he requested.

38. As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff has suffered the following damages:

   a. Left distal fibula fracture;

   b. Left leg numbness and limb pain;

   c. Chronic pain due to trauma and reflex sympathetic dystrophy of the leg;

   d. Leg, ankle and mobility are permanently impaired;

   e. Suffered and endured unnecessary pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

   f. Costs related to his future medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

   g. Loss in earning capacity;

  h. General health, strength and vitality are impaired;

  i. Diminution of ability to the various pleasures of life; and

  j. Future pain and suffering.

 39. Plaintiff also suffered diminished access to prison programming and services due to his immobility and the inability of Allegheny County Jail to provide proper accommodation.

 40. As a result of Defendants' failure to meet Plaintiffs needs for mobility assistance and accommodation, and their failure to provide safe and appropriate housing, Plaintiff was forced to suffer further physical injury, mental anguish, anxiety and fear that he would be further injured.

## COUNT I – PLAINTIFF V. ALL DEFENDANTS - SECTION 1983 VIOLATION OF EIGTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

 41. The foregoing paragraphs are incorporated by reference as if set forth at length.

 42. At all times material hereto, the Defendant Allegheny County was responsible for the operations and policies of the Allegheny County Jail in all material respects and for the conduct of their contractor, Corizon.

 43. At all times material hereto, Defendant Corizon Health Inc. was responsible for the development and/or promulgation of appropriate policies and practices for the medical care of inmates and to provide for the medical care and well being of all inmates in Allegheny County Jail.

 44. Defendants were deliberately indifferent to the rights and serious medical needs of Plaintiff by failing to properly implement or execute policies or procedures ensuring that inmates received proper medical care. Allegheny County's own Corizon Report shows that both the County and Corizon have displayed a pattern and practice of such failures and that the cruel

and unusual torment Plaintiff endured could have been averted with a change in policy or adherence to procedures that may have been in place.

45. Defendant's Allegheny County and Corizon are also directly, proximately and vicariously liable by failing to properly train, review, assign, oversee, supervise, manage, discipline or control all other listed defendants and have exhibited a pattern and practice of such behavior.

46. All defendants, through their deliberate indifference to plaintiff's serious need for medical care and appropriate accommodations, caused him to suffer physical pain and emotional distress to an unconscionable degree well in excess of that which normally attends prison life.

47. As a result of Corizon and Allegheny County's practices, Plaintiff suffered with a broken ankle for twenty-two days before receiving proper treatment. The denial of care by the Defendants constituted an unnecessary delay for non-medical reasons that resulted in additional harm to Plaintiff.

48. The County and Corizon were deliberately indifferent through the following practices:

   a. failing to properly read, view and/or interpret Plaintiff's x-rays;

   b. by improperly assessing Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

   c. in failing to send Plaintiff to the hospital when it was determined he had a broken ankle or in failing to properly and/or adequately seek consultation or collaboration from appropriate medical institutions;

   d. by sending Plaintiff back to the general prison population when it was determined he had a broken ankle;

   e. in failing to place Plaintiff in the prison infirmary where he could be closely monitored;

   f. by delaying medical care for Plaintiff for non medical reasons;

    g.  in failing to properly examine Plaintiff to determine he had suffered a fractured ankle;

    h.  in failing to timely, properly, and/or adequately recommend or administer appropriate medications to Plaintiff under the circumstances;

    i.  failing to properly conform to accepted standards of medical practice in the diagnosis, treatment and medical management of plaintiff;

    j.  failing to possess and/or exercise adequate medical skills, knowledge, experience and techniques for the proper treatment of plaintiff; and

    k.  in failing to timely, properly and/or adequately communicate with others regarding plaintiff's examinations, medical test results and plan of care.

    l.  By ignoring Plaintiff's verbal and written requests for medical care and treatment;

    m.  by allowing improper assessment of Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

    n.  in failing to properly follow up with Plaintiff in light of his repeated medical requests;

    o.  in failing to timely, properly or adequately refer or transfer Plaintiff to appropriate medical institutions, specialists, or physicians for needed medical care;

    p.  in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as Plaintiff;

    q.  in failing to properly follow protocol related to or follow up on inmate grievances and medical staff treatment requests;

    r.  in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

    s.  in failing to properly supervise, train or assist any employees who may have been within their control at the time of the incident.

49.    It is believed and therefore averred that all listed defendants were personally involved in the formation of Corizon and Allegheny County Jail policies and practices and as such they contributed to the pattern and practice of denying inmates medical care.

50. It is believed and therefore averred that Defendant Michael Barfield was personally involved in the formation of Corizon and Allegheny County Jail policies and practices and as such contributed to the pattern and practice of denying inmates medical care. It is also believed and therefore averred that Defendant Michael Barfield was aware of Corizon's failure to provide inmates with proper care and was deliberately indifferent to the needs of all inmates through his failure to take action against Corizon.

51. It is believed and therefore averred that Defendant Orlando Harper was personally involved in the formation of Corizon and Allegheny County Jail policies and practices and as such contributed to the pattern and practice of denying inmates medical care. It is also believed and therefore averred that Defendant Orlando Harper was aware of Corizon's failure to provide inmates with proper care and was deliberately indifferent to the needs of all inmates through his failure to take action against Corizon.

52. As the direct, proximate, and factual result of the conduct of the defendants, the plaintiff has suffered the following damages:

   a. Left distal fibula fracture;

   b. Left leg numbness and limb pain;

   c. Chronic pain due to trauma and reflex sympathetic dystrophy of the leg;

   d. Leg, ankle and mobility are permanently impaired;

   e. Suffered and endured unnecessary pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

   f. Costs related to his future medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

   g. Loss in earning capacity;

   h. General health, strength and vitality are impaired;

    i.      Diminution of ability to the various pleasures of life; and

    j.      Future pain and suffering.

### COUNT II – PLAINTIFF v. DRS. DOE(s) and CORIZON - NEGLIGENCE

53. The foregoing paragraphs are incorporated by reference as if set forth at length.

54. Plaintiff's injuries, damages and failure to receive timely medical care were a direct and proximate result of defendants' negligence in the following particulars:

    a. failing to properly read, view and/or interpret Plaintiff's x-rays;

    b. by improperly assessing Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

    c. in failing to send Plaintiff to the hospital when it was determined he had a broken ankle or in failing to properly and/or adequately seek consultation or collaboration from appropriate medical institutions;

    d. by sending Plaintiff back to the general prison population when it was determined he had a broken ankle;

    e. in failing to place Plaintiff in the prison infirmary where he could be closely monitored;

    f. in failing to properly examine Plaintiff to determine he had suffered a fractured ankle;

    g. in failing to timely, properly, and/or adequately recommend or administer appropriate medications to Plaintiff under the circumstances;

    h. failing to properly conform to accepted standards of medical practice in the diagnosis, treatment and medical management of plaintiff;

    i. failing to possess and/or exercise adequate medical skills, knowledge, experience and techniques for the proper treatment of plaintiff; and

    j. in failing to timely, properly and/or adequately communicate with others regarding plaintiff's examinations, medical test results and plan of care.

55. As the direct, proximate, and factual result of the conduct of the defendants, the plaintiff has suffered the following damages:

    a.    Left distal fibula fracture;

    b.    Left leg numbness and limb pain;

    c.    Chronic pain due to trauma and reflex sympathetic dystrophy of the leg;

    d.    Leg, ankle and mobility are permanently impaired;

    e.    Suffered and endured unnecessary pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    f.    Costs related to his future medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    g.    Loss in earning capacity;

    h.    General health, strength and vitality are impaired;

    i.    Diminution of ability to the various pleasures of life; and

    j.    Future pain and suffering.

## COUNT III – PLAINTIFF v. WARDEN ORLANDO HARPER AND MICHAEL BARFIELD  -  NEGLIGENCE

56.    The foregoing paragraphs are incorporated by reference as if set forth at length.

57.    Plaintiff's injuries, damages and failure to receive timely medical care were a direct and proximate result of the negligence of Orlando Harper, Warden and Assistant Health Services Administrator Michael Barfield in the following particulars:

    a.  Ignoring Plaintiff's verbal and written requests for medical care and treatment;

    b.  By allowing improper assessment of Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

    c.  in failing to send Plaintiff to the hospital when it was determined he had a broken ankle or in failing to properly and/or adequately seek consultation or collaboration from appropriate medical institutions;

    d.  by sending Plaintiff back to the general prison population when it was determined he had a broken ankle;

    e. in failing to place Plaintiff in the prison infirmary where he could be closely monitored;

    f. in failing to timely, properly and/or adequately communicate with others regarding plaintiff's examinations, medical test results and plan of care;

    g. in failing to properly follow up with Plaintiff in light of his repeated medical requests;

    h. in failing to timely, properly or adequately refer or transfer Plaintiff to appropriate medical institutions, specialists, or physicians for needed medical care;

    i. in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as Plaintiff;

    j. in failing to properly follow protocol related to or follow up on inmate grievances and medical staff treatment requests;

    k. in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

    l. in failing to properly supervise, train or assist any employees who may have been within their control at the time of the incident.

58. As the direct, proximate, and factual result of the conduct of the defendants, the plaintiff has suffered the following damages:

    a. Left distal fibula fracture;

    b. Left leg numbness and limb pain;

    c. Chronic pain due to trauma and reflex sympathetic dystrophy of the leg;

    d. Leg, ankle and mobility are permanently impaired;

    e. Suffered and endured unnecessary pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    f. Costs related to his future medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    g. Loss in earning capacity;

    h. General health, strength and vitality are impaired;

i.  Diminution of ability to the various pleasures of life; and

j.  Future pain and suffering.

**COUNT V  -  PLAINTIFF v. CORIZON HEALTHCARE, Inc.  -  Negligence**

59. The foregoing paragraphs are incorporated as if set forth at length.

60. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Corizon Healthcare, Inc. in the following particulars;

a.  in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as plaintiff;

b.  in failing to hire, supervise, and/or maintain competent medical staff;

c.  in failing to timely, properly and/or adequately monitor the availability and competency of the members of its medical staff and the adequacy of their inmate care and treatment;

d.  in failing to investigate whether their employees and agents were complying with applicable policies and customs and/or violating inmate's constitutional rights;

e.  in failing to timely, properly and/or adequately have in place medical review procedures or medical request follow-up procedures so that they could obtain knowledge regarding the performance of their employees, doctors, nurses, physician assistants and healthcare personnel regarding the quality of their patient care, their availability, and their compliance with prison policies and procedures;

f.  in failing to provide adequate medical staff for the number of inmates at Allegheny County Jail;

g.  systemically, regularly and continuously delaying the proper treatment of Plaintiff's condition, which should have been obvious to defendant;

h.  in failing to properly follow up with Plaintiff in light of his repeated medical requests, symptoms and complaints;

i.  in failing to keep accurate and detailed medical records;

j.  in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

  k. in failing to insure and maintain a continuity of care and communication between health care professionals and their respective staffs with respect to Mr. Prince and his medical condition.

61. As the direct, proximate, and factual result of the conduct of the defendants, the plaintiff has suffered the following damages:

  a. Left distal fibula fracture;

  b. Left leg numbness and limb pain;

  c. Chronic pain due to trauma and reflex sympathetic dystrophy of the leg;

  d. Leg, ankle and mobility are permanently impaired;

  e. Suffered and endured unnecessary pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

  f. Costs related to his future medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

  g. Loss in earning capacity;

  h. General health, strength and vitality are impaired;

  i. Diminution of ability to the various pleasures of life; and

  j. Future pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for:

a. Declaratory judgment that Defendants violated plaintiff's constitutional, civil and statutory rights;

b. An award of appropriate compensatory and punitive damages against each Defendant in favor of plaintiff;

c. Awards of attorney's fees, costs, and litigation expenses associated with the prosecution of this action ;

d. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff requests a trial by jury with respect to all matters and issues properly triable by a jury.

DATED: November 7, 2016

        Respectfully submitted,

        PRAETORIAN LAW GROUP, LLC


           /s/ David M. Kobylinski
        David M. Kobylinski

        *Counsel for Plaintiff*