MUS2344981.2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TREMAINE EPPS, | ) |
|                 Plaintiff, | ) Civil Action No. 2:16-cv-00135-MPK |
| v. | ) |
| ORLANDO HARPER, COUNTY OF ALLEGHENY COUNTY, CORIZON HEALTH, INC., MICHAEL BARFIELD, AND ADDITIONAL UNKNOWN DEFENDANTS, INCLUDING AN UNIDENTIFIED CORRECTIONS OFFICER AND UNIDENTIFIED HEALTH CARE PROVIDERS, | ) |
|                 Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

On October 24, 2016, this Court granted defendants' collective motions to dismiss plaintiff's original Complaint but allowed plaintiff the opportunity to file an Amended Complaint as to only Count I if he believed the "substantial pleading deficiencies" could be cured. (ECF No. 28, Opinion at p. 17). The Court limited the opportunity to amend to Count I as it declined to exercise supplemental jurisdiction over plaintiff's alleged state law claims. (Id. at pp. 15, 16). Ignoring the Court's directive, plaintiff filed an Amended Complaint on November 7, 2016 including amendments to Count I but also including state law negligence claims in Count II against Drs. Doe and Corizon, Count III against Orlando Harper and Dr. Barfield and Count IV against Corizon. Count I of the Amended Complaint is described as a § 1983 claim against all defendants yet the amendments have not cured the critical deficiencies. Prior to filing the Amended Complaint, plaintiff provided defendants with copies of medical records from the

Allegheny County Jail ("ACJ") that paint a different picture than what plaintiff portrayed in the Amended Complaint leading defendants to file the within motion to dismiss alternatively seeking summary judgment. Defendants respectfully request this Court grant their motion.

## I.     STATEMENT OF THE CASE

### A.     Plaintiff's Allegations in the Amended Complaint

In the Amended Complaint, plaintiff did not alter the timeline of events. He alleges a cellmate attacked and injured him on February 3, 2014 and requests for help from guards during the attack were ignored. (ECF No. 29, Amended Complaint, paras. 17-21). The next morning, Mr. Epps could not walk and was taken to the infirmary where an x-ray was taken of his left ankle; he was provided a splint, crutches and medication. (Id. at paras. 23, 24). Mr. Epps claims his request to stay in the infirmary was denied and he was sent back to general population. (Id. at paras. 25, 26).

While plaintiff attaches one of the numerous pages of medical records he collected from the jail and other providers some seven months ago, he still has not identified nor tried to serve who he describes as "Additional Unknown Defendants, including an unidentified corrections officer and unidentified health care providers". (ECF No. 29, Amended Complaint, caption and para. 27). Plaintiff alleges he was not referred to an orthopedic surgeon but the one medical record page he identifies as an exhibit specifically indicates "ortho referral" and plaintiff's own subsequent allegations indicate he was seen on February 26, 2014 by orthopedic specialists and had surgery the same day. (Id. at paras. 27, 31, 32, 35 and at Ex. 1).

Between February 4 and 19, 2014, Mr. Epps maintains his requests for medical treatment to guards were denied leading his attorney to send a letter dated February 19, 2014 to Warden

2

Harper. (Id. at paras. 29-31). Dr. Barfield is mentioned in part of paragraph 8 of the Amended Complaint, in paragraph 50 where there is a general allegation he was part of policy and procedure formation and then in Count III where it remains unclear what duty Dr. Barfield owed Mr. Epps but the theory seems one of general negligence in failing to ensure Mr. Epps received medical care. (ECF No. 29, Amended Complaint, paras. 8, 50, 57).

The Amended Complaint maintains "Allegheny County Prison refused to provide Plaintiff with medical treatment until February 26, 2014" and this refusal was a form of torture. (ECF No. 29, Amended Complaint, para. 31). Mr. Epps was seen at UPMC Mercy on February 26, 2014 for surgery on his left distal fibula fracture. (Id. at 35).

B.   **ACJ and UPMC Mercy Medical Records**

On September 15, 2016, almost two months before filing the Amended Complaint, plaintiff's counsel provided medical records from UPMC Mercy and the ACJ. (Ex. 1, Email). Those records reveal the following timeline of care-

- February 4, 2014- application of splint, pain medication order for Norco, issuance of crutches, consultation request for orthopedic consult marked urgent submitted by David Humphreys, CRNP (Ex. 3, ACJ Records at COR 000001, 4);

- The same day, site medical director Dr. Michael Patterson approved the consult (Id.);

- The consultation request was approved with an authorization number on February 5, 2014 (Ex. 3, ACJ Records at COR 000002-3);

- February 10, 2014- follow up medical appointment at ACJ to change ace-wrap, continue Norco and start Motrin (Ex. 3, ACJ Records at COR 000005, 7);

- February 14, 2014- follow up medical appointment at ACJ where ankle was resplinted and medications reordered (Ex. 3, ACJ Records at COR 000006, 8);

- February 19, 2014- inmate outside transportation form referenced the appointment set for February 24, 2014 (Ex. 3, ACJ Records at COR 000010);

- February 24, 2014- appointment with orthopedic specialist (Ex. 2, UPMC Mercy Records; Ex. 3, ACJ Records at COR 000011-12);

- February 25, 2014- pre-operative workup per orthopedic specialist's recommendations (Ex. 3, ACJ Records at COR 000009, 13-18).

## II. ARGUMENT

### A. Standards of Review

#### 1. Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), altered how courts analyze a Rule 12(b)(6) motion to dismiss. Specifically, the Supreme Court rejected the proposition that a complaint may not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts to support her claim which would entitle her to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). The factual allegations in a complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must set forth facts suggestive of the proscribed conduct sufficient to raise a

4

reasonable expectation that discovery will reveal evidence of the elements of a cause of action. Phillips, 515 F.3d at 233-234.

    2. <u>Standard for Summary Judgment</u>

  Also applicable is the standard of review for a motion for summary judgment. In accordance with Federal Rule of Civil Procedure 56, summary judgment:

> Shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"A fact is material if, under the substantive law of the case, it is outcome determinative." <u>Schoonejongen v. Curtiss-Wright Corp.</u>, 143 F.3d 120, 129 (3d Cir. 1998) citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Boyle v. County of Allegheny, Pennsylvania</u>, 139 F.3d 386, 393 (3d Cir. 1998), citing <u>Anderson, supra.</u> "Any dispute over a fact which is irrelevant or unnecessary will not preclude a grant of summary judgment." <u>Connors v. Fawn Mining Corp.</u>, 30 F.3d 483, 489 (3d Cir. 1994) citing <u>Anderson,</u> 477 U.S. at 248.

    3. <u>Conversion to Motion for Summary Judgment</u>

  Defendants framed their motion to dismiss in the alternative as a motion for summary judgment allowing this Court to convert the motion to one of summary judgment without further notice to plaintiff. <u>See, Hilfirty v. Shipma</u>, 91 F.3d 573, 579 (3d Cir. 1996). The Amended Complaint relies on one page of medical records taken out of context. The medical records are authentic documents that in part support plaintiff's claims, thus, should be considered by this

Court. See, Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may consider document attached to motion to dismiss where it is authentic and plaintiff's claims are based on document); Fed. R. Civ. P. 12(d) (where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment).

B.  **Plaintiff's §1983 Claims Should Be Dismissed As A Matter Of Law.**

Mr. Epps still has not met the burden to state his Count I claim sounding in §1983 for deliberate indifference - (1) that he suffered from a serious medical need, and (2) that each defendant was deliberately indifferent to the serious medical need. Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Wilson v. Seiter, 501 U.S. 294 (1991) (emphasis added). Plaintiff's § 1983 claim must fail again.

A defendant is deliberately indifferent to a serious medical need where he knows of, yet disregards, an excessive risk to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). Mr. Epps must allege facts to show that each defendant knew of, yet disregarded, an excessive risk to his health or safety. The "deliberate indifference" must be "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-106. Claims of negligence or even medical malpractice do not rise to the level of deliberate indifference to a serious medical need. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). Courts are not to intervene upon allegations of negligence, mistake or a difference in medical opinion and will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment … which remains a question of sound professional judgment." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. Va. 1977); see also, Estelle, 429 U.S. at 107-108 (holding that a medical decision not to order an x-ray or like

measures does not represent cruel and unusual punishment). Even if that judgment is ultimately a mistake. Estelle, supra.

Mr. Epps was seen by the medical department the morning after the incident, received an x-ray, splint, crutches and medication. A consultation request for an outside orthopedic specialist was made and marked urgent. The appointment was confirmed at some point before February 19, 2014 when the security form was transmitted for the February 24, 2014 appointment. On February 10 and 14, 2014, Mr. Epps was seen in the medical department where he was rebandaged, resplinted and had medications reordered. He was seen by the specialist on February 24, 2014 and received his pre-operative workup consisting of an EKG, x-ray and lab work on February 25th before having surgery on February 26, 2014. Between February 4 and February 26, 2014, Mr. Epps was seen by the medical department at the ACJ three times, received crutches, a splint and medications, and was seen by the outside orthopedic specialist twice including surgery.

There is no indication a sick call request or any other request for medical care was rejected by Corizon or Dr. Barfield. There remain no factual allegations as to Dr. Barfield other than speculation about his employer and a general allegation plaintiff believes Dr. Barfield (plaintiff makes this same general allegation against all defendants) was involved in policies and procedures. There is no claim that Dr. Barfield handled, oversaw or provided any medical care and no allegation he was ever sent a request by Mr. Epps. His name is not in the ACJ records provided by plaintiff's counsel. Even had Dr. Barfield reviewed a grievance or request, it still would not state a claim. See, Tenon v. Dreibelbis, 606 Fed. Appx. 681, 688 (3rd Cir. 2015) (citations omitted) ("merely responding to or reviewing an inmate grievance does not rise to the

7

level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim").

Plaintiff's course of treatment does not rise to the level of a constitutional violation. See, Franco-Calzada v. U.S., 375 Fed. Appx. 217 (3rd Cir. 2010) (affirming sua sponte dismissal of complaint that alleged 13 day delay in surgery); Williams v. Corizon, C.A. No. 12-cv-02412, 2013 U.S. Dist. LEXIS 127913, *51, 2013 WL 4787223 (E.D.Pa. Sept. 9, 2013) (finding no deliberate indifference where inmate had a consultation with an orthopedist and surgery within three weeks of the injury).[1] At most, this case seems to present as one where Mr. Epps did not agree with the medical treatment he received including that he was sent back to general population – neither of which can support a § 1983 claim.

It is well settled that § 1983 liability cannot be based upon vicarious liability or respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As Count I still includes theories that appear to impermissibly be based on vicarious liability, all § 1983 claims attempted to be asserted against Corizon Health under a claim of vicarious liability and/or respondeat superior, should be dismissed as a matter of law.

Mr. Epps must allege facts to show an unconstitutional policy or custom attributable to Corizon resulted in a constitutional injury. See, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978). The claimed policy or custom must exhibit deliberate indifference to Mr. Epps's constitutional rights. Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996). And the policy must be the moving force behind any constitutional violation. City of Canton, Ohio v.

---

[1] A copy of Williams is attached as Exhibit 4.

Harris, 489 U.S. 378, 389-91 (1989).  An isolated violation cannot impose liability.  Groman v. Twp. Of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (citations omitted).

Plaintiff still claims Corizon failed to have in place polices to provide adequate medical care yet clearly policies exist as they were triggered and followed enabling Mr. Epps to receive x-rays, splint, crutches, medication, follow up care, referral to an outside specialist, pre-operative workup and surgery- all in 22 days.  The only support for plaintiff's policy claims remains Allegheny County Controller's Report, which is not connected –factually or causally- to plaintiff's claims.  The medical encounters within and outside of the Allegheny County Jail show that clinical care was provided including surgery.  It remains unclear what policies or procedures (or lack thereof) plaintiff claims directly caused a violation of his constitutional rights.  Plaintiff has not tried to correlate his medical condition and care with the general conclusions reached in the Controller's Report.

There is no support for an actual policy or custom that is unconstitutional or even arbitrary.  Plaintiff's own allegations and the actual records confirm policies in place worked to Mr. Epps' benefit as he was seen in the medical department three times, received an x-ray, crutches, splint, medications, saw a specialist, went through a pre-operative workup and had surgery.  Plaintiff has not sufficiently alleged a claim of deliberate indifference or constitutional injury and his Monell claims must be dismissed as a matter of law.  Plaintiff's claims of deliberate indifference are simply recitals of the elements of a cause of action without factual support.  There are no facts, just general assertions, that Dr. Barfield was a policy maker.  Plaintiff again identified no personal involvement of Dr. Barfield to state any claim against him and again failed to state an actionable §1983 claim against Corizon.  Should the Court review the

factual support provided, there can be no dispute as to the extent of care Mr. Epps received. Count I of the Amended Complaint should be dismissed as a matter of law.

    C.  **Plaintiff Again Failed To State A Viable Claim As To Dr. Barfield.**

As noted above, factually, Mr. Epps made no claims as to Dr. Barfield. Plaintiff does not allege that Dr. Barfield had any role in overseeing or administering care or treatment or that Mr. Epps ever contacted or reached out to Dr. Barfield or even that Dr. Barfield was included or copied on any correspondence related to Mr. Epps. It is not clear what duty Dr. Barfield owed to Mr. Epps nor how he breached that duty with the factual actions pled by plaintiff. There is no factual support for the allegations in paragraph 50; those subparagraphs are simply conclusions this Court per the standards set forth above does not have to blindly accept even at the motion to dismiss stage. There are no viable claims made in any of the Counts in plaintiff's Amended Complaint. All claims against Dr. Barfield should be dismissed as a matter of law for failure to state a claim.

    D.  **The Amended Complaint Still Fails To Support Plaintiff's Claim for Punitive Damages.**

Punitive damages may only be awarded in a § 1983 claim where that alleged conduct is proven to be motivated by evil motive or intent, or when it involves recklessness or callousness to the federally protected right of others. <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983). The allegations again fail to plead facts that would demonstrate any defendant exhibited callousness or recklessness. The allegations fail to substantiate a claim of punitive damages as they do not suggest defendants acted with bad motive or intent or exhibited extreme or outrageous conduct. The medical records provided by plaintiff's counsel confirm the lack of any conduct that would

warrant imposition of punitive damages. Plaintiff's demand for punitive damages should be dismissed.

### E. In the Alternative, Without A Viable Federal Claim, This Court No Longer Has Jurisdiction

This Court did not grant leave for plaintiff to amend his previously dismissed state law claims. Plaintiff's attempt to do so should result again in dismissal by this Court for lack of jurisdiction. See, 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Plaintiff has stated no viable claim and these defendants respectfully request plaintiff's Amended Complaint be dismissed as a matter of law without further opportunity to cure as any such attempt would be futile. Defendants incorporate any additional arguments made by co-defendants seeking dismissal of plaintiff's claims.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
PA ID. # 82262
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
(412) 456-2840
kmk@muslaw.com

*Counsel for Defendant, Corizon Health and Michael Barfield*

MUS2344981.2

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, a true and correct copy of the foregoing **BRIEF** was filed electronically. Parties may access this filing through the Court's ECF/PACER system.

MEYER UNKOVIC & SCOTT LLP

*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
